J. H. Crozibr,
special judge, delivered the following opinion of the court.
C. B. Hodges intermarried with Sarah D. Hodges who at the time of the marriage was in the possession and absolute owner of a tract of land in her own right. After the marriage in January, 1842, the husband leased' his wife’s land for one year, and entered into articles of agreement with his tenants, making the rent payable to himself. In March of the same year he departed this life, and his administrator, Calloway Hodges, believing that the rents of the land were assets belonging to the estate of his intestate, received them as such and sold them, the widow claiming them as her property. The widow having subsequently intermarried with George W. Arnold, this suit was brought by Arnold and wife against Calloway Hodges for the recovery of the value of the rents that he had received. Under the charge of the circuit judge the jury found a verdict for Arnold and wife, and judgment was rendered in their favor, from which there is an appeal to this court.
We think there is no doubt about the correctness of the verdict and judgment of the circuit court in this case. *40 “ The husband alone may grant or charge the wife’s land during their joint lives, and if he be tenant by the cur-tesy, during his own life. He cannot alien or encumber it, if it be a freehold estate, so as to prevent the wife or her heirs after his death from enjoying it, discharged from his debts and engagements;” Kent’s Com. 2d vol. page 132.
In this case the husband had but a life estate in the lands of his wife, and the moment his death took place, his, interest ceased, and the coverture being at an end, the wife became sole and absolute owner of the real estate which belonged to her previous to the marriage. If the husband alone could lease the land of his wife for one year which would continue for the benefit of his representatives after his death, why not for two or mox-e years? The doctrine of emblements which seems to have been thought applicable to this case, by the court below, has no relation to it. The right to emble-ments is secured to the lessee, whose lease depends upon an uncertain contingency, and gives him the profits of his labor for planting or sowing the crop, though the contingency may take place and put an end to the lease before the crop is matured.
This is a controversy between the owner of the fee and the administrator of the tenant for life.
So well established, is the principle of law involved in this case, that no authority controverts or doubts the right of the wife, on the death of her husband, to annul any contract he alone may have made in his lifetime, in reference to her lands, which may be in existence at the time of his death. She may terminate leases and put an end to the payment of rent altogether, or, she may affirm and take the benefit of them. Cruise’s Digest, *41 4 vol. pages 66 and 67. Clancy’s Husband and wife 169, 170, 171, &c.
The judgment of the circuit court will be affirmed.